IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GARY L. SMITH PETITIONER

V. No. 13-2245

STATE of ARKANSAS RESPONDENT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed November 15, 2013 under 28 U.S.C. Section 2254. The court did not authorize service and, therefore, the State filed no Response.

**I. Background**

It appears that the Petitioner entered a plea of nolo contendere to Sexual Abuse in the 1st Degree in Sebastian County Circuit Court, case No. 97-380, on February 2, 1998. (ECF No. 1-1, p. 1). He was placed on a 5 year suspended sentence and ordered to pay a $100 fine, court costs of $150 and Restitution of $535. (Id.).

The Petitioner filed no appeal (ECF No. 1, p. 1) but contends in his motion that he did file for post conviction relief in Sebastian County Circuit Court (Id., p. 2). The Petitioner files the current Motion under 2254 contending that he is factually innocent (Id.)

**II. Discussion**

**A. In Custody**

28 U.S.C. §2254 provides in part that:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The defendant is not in the custody of the State of Arkansas. It appears that he is a federal prisoner, incarcerated in the Marion U.S. Penitentiary and he has included an exhibit which appears to be a page from a PSR on a federal charge. (ECF No. 1-2).

A district court may entertain a habeas petition only if the petitioner is in custody pursuant to the judgment of a state court. 28 U.S.C. § 2254(a). Generally, the determination of whether a petitioner is "in custody" depends on whether petitioner's freedom of liberty is restrained, and whether his freedom of movement rests in the hands of state officers. *See Hensley v. Mun. Ct.*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). In order for this requirement to be met, there must be a significant restraint imposed on one's liberty. *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Harvey v. State of South Dakota*, 526 F.2d 840 (8th Cir., filed Dec. 11, 1975).

In this case it appears that the Sebastian County sentence has completely expired. The Defendant was sentence in February 1998. The term has expired in 2003 and there is no evidence that the term has been extended for failure to pay the fine, restitution, or cost. *In Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989) (per curiam), the Supreme Court held that "once the sentence for a conviction has completely expired, an

individual is not 'in custody' under that conviction for purposes of habeas corpus attack (and therefore a federal court has no jurisdiction)," even though the conviction was used to enhance a subsequent conviction. *Taylor v. Armontrout*, 877 F.2d 726, 726 (8th Cir.1989) (per curiam). *See also Flittie v. Solem*, 882 F.2d 325, 326-29 (8th Cir.1989) (en banc) (Beam, J., concurring). *Hogan v. State* of Iowa 952 F.2d 224, *225 (C.A.8 (Iowa),199.

In addition to not being in State custody the Petition has filed his Petition well outside of the statutory time.

**B. Limitations:**

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

See 28 U.S.C. § 2244(d)(1) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). See

*Walker v. Norris* 436 F.3d 1026, 1029 (C.A.8 (Ark.),2006). In this case the Petitioner is 14 years past the statutory time and could only be considered if extraordinary equitable tolling was involved.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002). The Petitioner has not asserted any such grounds as the basis for his failure to properly file the petition and in fact has asserted his actual innocence which would have been a claim evident to him at the time of plea.

**III. Conclusion**

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The Defendant has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The**

**Defendant is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED December 5, 2013

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE